**UNITED STATES of America,**
**Appellant,**

v.

**Bernhard DEUTCH, Appellee.**

**No. 13060.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 5, 1956.

Decided July 26, 1956.

Mr. William Hitz, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, Lewis Carroll and E. Tillman Stirling, Asst. U. S. Attys., were on the brief, for appellant. Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellant.

Mr. Henry W. Sawyer, III, Philadelphia, Pa., of the Bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. George Herbert Goodrich, Washington, D. C., was on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

An indictment charged that Deutch "unlawfully refused to answer" five specific questions put to him by a Committee of Congress.

The District Court dismissed the indictment as insufficient because it did not charge that the defendant *willfully* refused. The trial court concluded that since the recent decision in Quinn v. United States, 1955, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964, the word "willfully" was required in the indictment to make out a charge under the statute.

2 U.S.C.A. § 192,[1] under which the indictment was drawn, provides:

"Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, * * * *willfully makes default*, or who, having appeared, *refuses to answer* any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, * * *." [Italics supplied.]

█ The question, narrowly, is whether the intent, essential to *proof* of this offense, must be spelled out by a recital in the indictment that the refusal was *willful*. After reviewing the Quinn case carefully, we think this is not required. Quinn holds that "a deliberate, intentional refusal to answer" is an element of the offense which, "like any other, must be proved beyond a reasonable doubt." 349 U.S. at page 165, 75 S.Ct. at page 674. In that case the Court was not dealing with the sufficiency of the indictment but of the proof. We agree with the trial judge that the indictment must charge an intentional act, but we think that it does so by use of the word "refused." The indictment charged that Deutch "unlawfully refused to answer" and we think that language charged Deutch with an intentional, deliberate or knowing refusal to answer.[2]

The statute uses the word "willfully" as a word of art to define the offense of failing to appear, but it does not use the word "willfully" with respect to a person "who, having appeared, refuses to answer * * *." The act of refusing (as distinguished from failing) to answer is a positive, affirmative act; the result is conscious and intended. Congress recognized that a failure to appear in response to a summons could well be due to other causes than willfulness or a deliberate purpose to disobey the summons or the statute; a witness might be confused as to the time or place of the hearing, or inadvertently overlook it or become ill. To decline or refuse to answer a question, however, is by its very nature a deliberate and willful act.[3]

█ Any doubt on this is resolved by the presence of the word "unlawfully" preceding "refused" in this indictment; that would satisfy the statute since a refusal would be unlawful only if it were willful. In other words, if "refused" standing alone were held not sufficient because it does not connote a refusal which violates the statute, the presence of the word "unlawfully" would remedy that defect. For either reason, the decision of dismissal must, therefore, be

Reversed.

1. 52 Stat. 942 (1938).

2. In United States v. Lamont, D.C.S.D. N.Y.1955, 18 F.R.D. 27, the District Court reached a contrary conclusion but did not suggest any reason why the word "willful" is required to make the word "refused" charge the commission of a deliberate, intentional act.

3. See Chapman v. United States, 1896, 8 App.D.C. 302, 319; In re Chapman, 1897, 166 U.S. 661, 17 S.Ct. 677, 41 L.Ed. 1154.