Peter **LICAVOLI**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15764.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 1, 1960.

Decided Feb. 16, 1961.

Petition for Rehearing En Banc Denied
March 14, 1961.

———◆———

Mr. Joseph W. Louisell, Detroit, Mich., of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of court, for appellant. Mr. Joseph H. Lesh, Washington, D. C., was on the brief for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, DANAHER and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried by jury, and convicted of failing and refusing to appear before the Senate Select Committee on Improper Activities in the Labor or Management Field, after having been subpoenaed to appear. His principal point here is that the trial judge erred in refusing to instruct the jury that if the accused acted upon the advice of counsel they should acquit; indeed the judge instructed to the contrary.

Appellant says the offense with which he was charged,[1] willfully making default, includes as an element a specific intent, i e., willfulness. The statute says "willfully makes default". Therefore, he says, good faith reliance upon advice of counsel is a defense. He does not say so, but an essential part of his premise is that an evil motive, which can be negatived by bona fide advice of counsel, is an element of "willfully" under this statute.

It has been established ever since the Sinclair case[2] that reliance upon advice of counsel is no defense to a charge of failing to answer a pertinent question, an offense under another clause of this same statute.[3] But appellant

1. A violation of 2 U.S.C.A. § 192, 52 Stat. 942 (1938).

2. Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929), cited with approval in Watkins v. United States, 354 U.S. 178, 208, 77 S.Ct. 1173, 1 L.Ed.2d 1273 (1957).

3. The entire section is: "Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months."

points out that the statute does not mention willfulness in the clause respecting failure to answer questions, whereas it notably and expressly uses "willfully" in describing the offense of making default. Therefore, he argues, there is a critical difference between the two offenses and, while reliance on counsel may not be a defense to the charge of which willfulness is not an element, it is a defense when an offense with a specific intent (i.e., willfulness) is charged.

It was established by the Bryan [4] and Fleischman [5] cases that he who deliberately and intentionally fails to respond to a subpoena "willfully makes default".[6] Evil motive is not a necessary ingredient of willfulness under this clause of the statute. A deliberate intention not to appear is sufficient. It was established by the Quinn case [7] that a deliberate, intentional refusal is an element of the offense of refusing to answer a pertinent question under the other clause of the statute. We discussed this in United States v. Deutch.[8] So it is established that the intent essential to constitute an offense under these two clauses is the same in nature—a deliberate, intentional failure, without more, in each case.

Appellant argues to the contrary that a critical difference must be accorded the presence of the word "willfully" in the one clause and its absence from the other. This fact, he argues, demonstrates an intention on the part of the

Congress to make a difference. But we cannot ascribe such an intention from the presence and omission of the word. As we pointed out in the Chapman case [9] and again in the Deutch case, a refusal to answer—the witness having appeared, being present and conscious of what is going on, understanding the question, and being advised of its pertinency to the inquiry—is obviously in and of itself a willful act. But a failure to respond to a subpoena might be due to many causes other than deliberate intention, e. g., illness, travel trouble, misunderstanding, etc. So "willfully" was a necessary adverb in defining defaults which are subject to penalties, but that modifying word was unnecessary as a matter of legal definition in respect to refusals to answer questions. Our reasoning and conclusion upon this point are similar to our opinion in the Deutch case in regard to the necessity of including the word "willfully" in an indictment for refusal to answer a question.

Appellant relies upon United States v. Murdock,[10] which he says stresses the difference between the two clauses of the statute evidenced by the presence of "willfully" in only one of them. But the opinion in Murdock emphasized that the content of "willfully" depends upon context.[11] There the statute was a section of the Internal Revenue Act, and the Court held that in that context it meant with a bad purpose. There can be no doubt that the Bryan and Fleischman

4. United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950).

5. United States v. Fleischman, 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906 (1950).

6. Our opinion in Fields v. United States, 82 U.S.App.D.C. 354, 164 F.2d 97 (1947), certiorari denied, 332 U.S. 851, 68 S.Ct. 355, 92 L.Ed. 421 (1948), was to the same effect.

7. Quinn v. United States, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964 (1955).

8. 98 U.S.App.D.C. 356, 235 F.2d 853 (1956).

9. Chapman v. United States, 8 App.D.C. 302, 316-319 (1896), certiorari denied,

166 U.S. 721, 17 S.Ct. 992, 41 L.Ed. 1188 (1897).

10. 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933).

11. The same rule has been emphasized in later cases—e. g., Browder v. United States, 312 U.S. 335, 340, 61 S.Ct. 599, 85 L.Ed. 862 (1941); Spies v. United States, 317 U.S. 492, 497, 63 S.Ct. 364, 87 L.Ed. 418 (1943); Hartzel v. United States, 322 U.S. 680, 686, 64 S.Ct. 1233, 88 L.Ed. 1534 (1944); Screws v. United States, 325 U.S. 91, 100, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945)—in the Supreme Court and in many other federal court cases, as a Shepardizing of the Murdock decision will readily show.

cases, supra, held that in the statute involved in the case at bar "willfully" means merely a deliberate intention; an evil motive is not a necessary part of the intent thus required. Murdock has no application here.

Since, as we have remarked, it has been established since the Sinclair case, supra, that reliance upon advice of counsel is no defense to a charge of refusing to answer a question, such reliance is not a defense to a charge of failure to respond. The elements of intent are the same in both cases. All that is needed in either event is a deliberate intention to do the act. Advice of counsel does not immunize that simple intention. It might immunize if evil motive or purpose were an element of the offense. But such motive or purpose is not an element of either of these offenses. We are of opinion that the doctrine laid down in Sinclair applies also to a charge of willfully making default. Advice of counsel cannot immunize a deliberate, intentional failure to appear pursuant to a lawful subpoena lawfully served.

In the case at bar there can be no serious dispute about the deliberate intention of Licavoli not to appear before the Committee pursuant to its subpoena. That he meant to stay away was made abundantly clear. That he did so upon the advice of a lawyer is no defense. The trial judge correctly instructed the jury.

Appellant also says that the trial judge erred in permitting the prosecutor to ask certain questions in his cross-examination of a lawyer who was a defense witness. The witness had testified about conversations with a representative of the Committee. The intent and effect of the disputed questions by the prosecutor on cross-examination were to show that the witness knew the representative and was familiar with the Committee and its processes. The trial judge thought the questions permissible, and we agree.

We find no error, and the judgment of the District Court will be

Affirmed.