**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4823**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

HEIDI JANELLE SILVER MYERS,

        Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:06-cr-00055-FPS-JES-1)

Submitted: November 18, 2008      Decided: December 9, 2008

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Moffitt, III, MOFFITT & BROADNAX, LTD., Alexandria, Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heidi Janelle Silver Myers was found guilty, after a bench trial, of criminal contempt in violation of 18 U.S.C.A. § 401(3) (West Supp. 2008). The facts adduced at her trial revealed the following. Myers was a practicing attorney and was being investigated for possible fraudulent billing. A search warrant executed at her law office revealed that closed client case files, a computer server, and a backup hard drive were missing (hereinafter "missing items"). Accordingly, a federal grand jury issued two subpoenas duces tecum which ordered Myers to produce the missing items, returnable to the United States District Court for the Northern District of West Virginia on December 5, 2006, at 9:00 a.m.

Myers failed to appear as ordered on December 5. Rather, on December 4, 2006, she retained William Benjamin Moffitt to represent her and he advised her not to appear before the grand jury the next day, believing he could have the matter continued, as neither he nor his law partner, Pleasant S. Broadnax, III, could appear with Myers before the grand jury that day. Because Myers failed to appear on December 5 and because no motion for continuance or other motion was filed that day, an arrest warrant issued for Myers at approximately 4 p.m. There was no evidence that either subpoena was unlawful and the

2

Government had a "taint or privilege team" designed to protect the integrity of any confidential information, in light of the fact that closed client files were sought in the subpoenas. Myers' previous criminal counsel, Byron Craig Manford, had informed Myers that she could be held in contempt if she failed to comply with the subpoenas.

As discussed in district court's post-trial memorandum finding Myers guilty of criminal contempt, the court made the following legal and factual findings. Criminal contempt seeks to vindicate the authority of a court by punishing the contemnor and deterring future litigants from misconduct. Buffington v. Baltimore Co., Md., 913 F.2d 113, 133 (4th Cir. 1990). The Government proved the elements of offense because: (1) Myers was served with lawful subpoenas to appear before the federal grand jury; (2) Myers failed to comply with those subpoenas; and (3) such failure to comply was willful. The court noted the first two elements of the offense were uncontested. See United States v. McMahon, 104 F.3d 638, 646 (4th Cir. 1997) (discussing elements). Regarding the willfulness element, the court relied on Licavoli v. United States, 294 F.2d 207, 209 (D.C. Cir. 1961), finding that willfulness under the statute merely requires a deliberate intention to do the act and that advice of counsel does not immunize that simple intention. Id. The court noted that other opinions supported this legal conclusion,

3

citing to United States v. Remini, 967 F.2d 754, 757 (2d Cir. 1992), and United States v. Golfarb, 167 F.2d 735, 735-36 (2d Cir. 1948).

The court found no evidence that Myers had a good faith belief that she was complying with the subpoenas; rather, there was evidence to show she knew she was disobeying the orders. The court distinguished this Court's opinion in In re Walters, 868 F.2d 665, 668 (4th Cir. 1989), from the instant case. Regarding the Walters opinion, the district court noted: (1) it was an appeal of a civil contempt in bankruptcy proceeding; (2) Walters relied on United States v. Armstrong, 781 F.2d 700, 706 (9th Cir. 1986), and NLRB v. Berkley Mach. Works & Foundry Co., 189 F.2d 904, 909 (4th Cir. 1951), for its reasoning; (3) Armstrong and Berkley Mach. Works rejected the argument that good faith reliance upon the advice of counsel vitiated the willfulness element of the crime of criminal contempt. Thus, the district court concluded that the statement of law relied on by Myers in the Walters opinion was dictum, and therefore failed to provide a basis for precluding the finding of the willfulness element of the offense.

Alternatively, the district court found that, even if the advice of counsel was an appropriate legal defense, Myers failed to produce sufficient evidence in support of it. Rather, the court noted, Moffitt's testimony related only to the

4

problems he and his law partner Broadnax encountered in attending the grand jury hearing without Myers. The court observed that, if Myers was concerned about attorney-client privilege issues, there was no evidence presented that she had advised Moffitt or his partner that the Government had secured a taint or privilege team in an attempt to address this issue.

Moreover, the court found that there was insufficient evidence that Myers' "disobedience of the grand jury subpoenas was even undertaken in good faith reliance on her counsel's advice." (JA 378). Rather, the court found that there was sufficient evidence that Myers knew both as a attorney practicing criminal defense work and as a result of the advice from her former criminal counsel, Manford, that she had options other than simply disobeying the order of the court, i.e. to file motions seeking relief from or the postponement of the court's orders. Indeed, the court noted that when Broadnax called the district court on December 5, he was told by someone in the judge's chambers that the judge preferred to have a motion to address any such issues. The court found no evidentiary support for the fact that either Myers herself, or counsel, lacked the ability to file a motion with the court—by electronic filing, facsimile, or otherwise—and bring to the court's attention the issues now raised.

In its memorandum opinion denying Myers' motion for a judgment of acquittal, the district court reiterated its above findings regarding Myers' good faith argument. The court found that "any reliance by Myers on counsel's advice not to appear because of a scheduling conflict . . . was not made in good faith and therefore does not negate willfulness." (JA 389).

The court also rejected Myers' argument that her plausible but mistaken alternative of obtaining a continuance negated the element of willfulness. The court found Myers' reliance on McMahon, 104 F.3d at 642-45, for this proposition, was misplaced. The court found that McMahon stood for the proposition that the court order at issue must be sufficiently clear as to provide adequate notice to the defendant. Here, there was simply no question that the two subpoenas at issue provided Myers with definite, clear, and specific notice of what was required of her. Moreover, the court noted that the testimony at trial revealed that Moffitt told Myers he would try to get a continuance for her mandated appearance before the grand jury—but that Moffitt never told her he had done so. Critically, the court found that there was no evidence that Myers "believed a continuance had been effectuated, [therefore] her argument must fail because no evidence presented at trial indicates anything about what Myers believed." (JA 391).

6

The probation officer made the following recommendations in the presentence report ("PSR"). It found the base offense level was 14, under U.S. Sentencing Guidelines Manual ("USSG") § 2J1.2 (2007). The probation officer used the obstruction of justice base offense level, finding that it was the most analogous guideline. With Myers' criminal history category of I, this yielded a sentencing range of 15-21 months.

The district court conducted a comprehensive sentencing hearing. Dr. Susan J. Fiester, a psychiatrist, testified for the defense regarding Myers' bipolar disorder. The court addressed Myers' seventeen objections to the PSR, but ultimately adopted the findings in the report. The court grouped the objections into three categories. First, the court found that Myers' base offense level was properly calculated using the obstruction of justice guideline under USSG § 2J1.2, rather than using the failure to appear by a material witness guideline, following the guidance of USSG § 2J1.1 (n.1). See id. ("In certain cases, the offense conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that guideline to apply."). Second, the court found that the contempt conviction should be classified as a Class A felony, rather than a class B misdemeanor. Third, the court found it had authority to punish the contempt offense with both a fine and a term of imprisonment.

Thus, the court concluded "I do not intend to depart from the Guidelines as determined by the probation officer, [but] I do intend to impose a variance sentence." (JA 527). The court determined it would "impose a variance sentence of three offense levels below the Guideline sentence" (JA 527), giving Myers a total offense level of 11. (Id.). This yielded a sentencing range of 8-14 months. The court then reviewed possible mitigating factors, expressly considered the factors in 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2008), listened to the arguments of counsel, and sentenced Myers to four months of imprisonment.

Myers timely appeals, raising the following issues: (1) whether the district court erred by finding that Myers' reliance on counsel's advice was not an affirmative defense to criminal contempt; (2) whether district court erred in finding that Myers' good faith pursuit of a mistaken though plausible alternative did not apply where counsel sought a continuance for Myers' grand jury appearance due to a variety of exigent circumstances; (3) whether the district court erred in using the obstruction of justice guideline; (4) whether the district court erred in applying the 18 U.S.C.A. § 3553(a) factors by failing to consider her post-offense conduct, her bipolar disorder, her reliance on advice of counsel, and the disparity between her sentence and sentences of similarly-situated

8

defendants; and (5) whether the district court erred in finding that the criminal contempt offense was a Class A felony. For the reasons that follow, we affirm.

First, Myers argues that her good faith reliance on counsel's advice not to appear as ordered creates a defense to her contempt conviction. The parties agree we review this issue de novo. Armstrong, 781 F.2d at 706. We agree with the district court that Myers' reliance on counsel's advice to fail to appear as ordered, does not negate the willfulness element of the contempt offense. Berkely Mach. Works, 189 F.2d at 909; Remini, 967 F.2d at 757.

Second, Myers alleges that her good faith pursuit of a mistaken though plausible alternative—where counsel sought a continuance for Myers' grand jury appearance due to a variety of exigent circumstances—creates an affirmative defense to the crime. As noted by the district court, however, Myers reliance on this argument is misplaced. As our case law makes clear, McMahon, 104 F.3d at 642-45, this would only be a defense if the subpoenas themselves were unclear. Moreover, both of these issues are undercut by the district court's alternative and detailed factual findings that it did not believe Myers had a legitimate, good faith belief in the advice from her counsel. See United States v. Greyhound Corp., 508 F.2d 529, 532 (7th Cir. 1974).

9

Third, Myers argues that the district court erred by using the obstruction of justice base offense level for her crime. As noted by the parties, however, there is no specific base offense level for criminal contempt. Rather, the offense of contempt is located in USSG § 2J1.1, which in turn, cites to "§ 2X5.1 (Other Offenses)." Id. Section 2X5.1 directs that "[i]f the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline." Id. Application Note 1 to USSG 2J1.1 states that "[i]n certain cases, the offense conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that guideline to apply." USSG § 2J1.1 (n.1). Reference to USSG 2J1.2, for obstruction of justice, reveals a base offense level of 14. We do not find the district court erred by applying the base offense level for obstruction, in light of the above guidelines sections, and based on the district court's factual findings that Myers failed to appear in an attempt to impede the discovery of her alleged overbilling charges. See United States v. Lambert, 994 F.2d 1088, 1091-92 (4th Cir. 1993) (recognizing circumstances where an offense conduct may not fit precisely into any one Sentencing Guidelines section).

Next, Myers alleges that the district court erred in applying the factors in 18 U.S.C.A. § 3553(a). Following the Supreme Court's opinion in United States v. Booker, 543 U.S. 220

10

(2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Sentencing Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in § 3553(a) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). We review a district court's imposition of a sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We find no abuse of discretion in Myers' sentencing.

Finally, we find no reversible error in the district court's decision to adopt the probation officer's finding that Myers' contempt conviction was a Class A felony. (JA 525-26). The classification of an offense as a felony or a misdemeanor is a question of law we review de novo. United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006). The Supreme Court has not characterized contempt as either a felony or misdemeanor. See United States v. Holmes, 822 F.2d 481, 493 (5th Cir. 1987). The district court relied on United States v. Mallory, 525 F. Supp. 2d 1316 (S.D. Fla. 2007), to conclude that Myers' contempt offense was a Class A felony. Myers wishes us to follow the opinion in United States v. Carpenter, 91 F.3d 1282 (9th Cir. 1996).

11

We decline to adopt the opinion of <u>Mallory</u> or <u>Carpenter</u>, but reject Myers' argument in this case. In <u>Carpenter</u> the Ninth Circuit held that "criminal contempt should be classified for sentencing purposes according to the applicable Guidelines range for the most nearly analogous offense." <u>Carpenter</u>, 91 F.3d at 1285. The Court went on to hold that the defendant was properly sentenced under the obstruction of justice guideline. Here, the district court used the obstruction of justice guideline and sentenced Myers substantially below that range. We note that Myers' four-month sentence is within the same zero-to-six months range that she would have received if, as Myers' argues, her contempt violation was considered a misdemeanor and she was sentenced using the failure to appear by a material witness guideline under USSG § 2J1.5(a)(2).

Accordingly, we affirm Myers' conviction and sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>