UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael David CARPENTER,
Defendant–Appellant.

Nos. 95–30104.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 1996.*

Decided Aug. 1, 1996.

Alan Zarky, Dubitzky & Zarky, Seattle, Washington, for defendant-appellant.

Kristina L. Ament, United States Department of Justice, Washington, DC, for plaintiff-appellee.

Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.

PER CURIAM:

Michael David Carpenter appeals his sentence for criminal contempt. We remand for resentencing.

I.

Michael Carpenter was subpoenaed to testify before a federal grand jury pursuant to an order issued by the district court under 18 U.S.C. § 6002. He refused to testify and was held in civil contempt and jailed for eight months, until the district court concluded further incarceration would not induce him to testify. He was indicted for criminal contempt following his release. He agreed to plead guilty and cooperate with the govern-

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

ment. The government agreed to move for a downward departure under U.S.S.G. § 5K1.1 if he provided substantial assistance. The parties agreed that in the event of a downward departure Carpenter's sentence should not exceed six months. The plea agreement warned Carpenter he could be sentenced to any term of imprisonment and to supervised release and a special assessment.

The Sentencing Guidelines do not contain a specific guideline for criminal contempt. However, U.S.S.G. § 2J1.1 says to apply U.S.S.G. § 2X5.1, which in turn directs the court to apply the most analogous offense guideline. The presentence report concluded the most analogous offense was obstruction of justice, with a base offense level of 12, and recommended a two-point reduction for acceptance of responsibility, bringing the offense level to 10. Since Carpenter's criminal history score was I, the sentencing range was 6–12 months.

Counsel argued jail time was unwarranted because Carpenter had already served eight months for civil contempt. The district court wished to impose a term of supervised release and could not do so unless it imposed additional jail time. *See* U.S.S.G. § 5D1.1. The district court granted the government's motion to depart downward and sentenced Carpenter to one day's incarceration, two years of supervised release, and a $50 special assessment.[1]

Carpenter moved to correct his sentence pursuant to Rule 35(c), arguing his contempt conviction was for a petty offense since it resulted in a one-day jail term, and therefore the court could not impose supervised release or a special assessment in excess of $5. The court denied the motion. This appeal followed.[2]

## II.

■■■We review the legality of Carpenter's sentence de novo. *United States v. Manning,* 56 F.3d 1188, 1200 (9th Cir.1995); *United States v. Hahn,* 960 F.2d 903, 907 (9th Cir.1992).

■■■The criminal contempt statute, 18 U.S.C. § 401(3),[3] grants broad discretion in determining a sentence; it specifies neither minimum nor maximum penalty. *Green v. United States,* 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958) ("Congress has not seen fit to impose limitations on the sentencing power for contempts...."). A prison term imposed for contempt will be set aside only if "so excessive as to amount to an abuse of discretion." *Green,* 356 U.S. at 188, 78 S.Ct. at 645.

### A.

Section 401 does not mention supervised release or special assessments. Both are governed by other statutory and Sentencing Guidelines provisions. Under 18 U.S.C. § 3583 and U.S.S.G. § 5D1.1, a defendant sentenced to prison for a felony or misdemeanor may also be sentenced to a term of supervised release. The length of the term of supervised release is linked to the severity of the crime:

> Except as otherwise provided, the authorized terms of supervised release are—
>
> (1) for a Class A or Class B felony, not more than five years;
>
> (2) for a Class C or Class D felony, not more than three years; and
>
> (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

---

1. The government moved for a downward departure based on Carpenter's substantial assistance. However, in its statement of reasons, the district court indicated the departure was granted because the Guidelines did not take into account the eight months Carpenter had already served for civil contempt.

2. An earlier appeal was dismissed because Carpenter's counsel failed to file a timely notice of appeal from the sentence. Carpenter sought a writ of habeas corpus alleging ineffective assistance of counsel. The habeas petition was grant-

ed and the district court entered a new judgment, from which a timely notice of appeal was filed.

3. 18 U.S.C. § 401 provides:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority as ...
>
> > (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 3583(b).[4] Special assessments are mandatory. Like terms of supervised release, they increase with the severity of the crime: $5 for infractions and Class C misdemeanors, $10 for Class B misdemeanors, $25 for Class A misdemeanors, and $50 for felonies. *See* 18 U.S.C. § 3013(a)(1)(A) (misdemeanors); § 3013(a)(2)(A) (felonies). Under the literal terms of these statutes, the special assessment and term of supervised release imposed in this case could only be imposed if the offense is classified as a felony.

Most federal crimes are classified as felonies, misdemeanors or petty offenses on the basis of the maximum sentence that can be imposed. *See* 18 U.S.C. §§ 19, 3559(a). Criminal contempt, which has no statutory maximum sentence, does not fit neatly into this scheme. The government argues criminal contempt should be treated as a Class A felony or, in the alternative, classified according to the applicable Guidelines range for the most nearly analogous offense. Carpenter argues criminal contempt should be classified on the basis of the sentence actually imposed, making it an "infraction" or petty offense in this case. 18 U.S.C. §§ 3559(a)(9), 19. In the alternative, he asks us to declare it *sui generis*, neither a felony nor a misdemeanor.

### B.

■ We reject the government's contention that all criminal contempts should be treated as Class A felonies. Like criminal contempts, Class A felonies have no statutory maximum sentence short of life imprisonment or death. *See* 18 U.S.C. § 3559(a)(1). The resemblance ends there, however. No ceiling is imposed on the sentence for Class A felonies because Congress views all such felonies as extraordinarily serious crimes. Criminal contempts, in contrast, include a broad range of conduct, from trivial to severe. It would be unreasonable to conclude that by authorizing an open-ended range of punishments to enable courts to address even the most egregious contempts appropriately, Congress meant to brand all contempts as serious and all contemnors as felons. *See Frank v. United States*, 395 U.S. 147, 149, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969) (failure to establish maximum sentence for contempt may reflect Congress's "recognition of the scope of criminal contempt"); *cf.* U.S.S.G. § 2J1.1 comment n. 1 (Sentencing Commission decided against promulgating a criminal contempt guideline "[b]ecause misconduct constituting contempt varies significantly.").

Nor do we agree that criminal contempt cannot be classified at all. Carpenter's argument is based on the holding in *United States v. Holmes*, 822 F.2d 481 (5th Cir. 1987), that because criminal contempt was neither a felony nor a misdemeanor, a statute authorizing fines for felonies and misdemeanors could not be applied in a criminal contempt proceeding. *Id.* at 493. Under this reasoning, supervised release would be unavailable however serious the contemnor's conduct might be. *Holmes* is undercut by the many cases indicating criminal contempt can be classified. *See, e.g., Taylor v. Hayes*, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701–02, 41 L.Ed.2d 897 (1974) (classifying contempt to determine whether the defendant had the right to a jury trial).

Carpenter points to cases involving the constitutional right to a jury trial, applicable to "serious" offenses but not to "petty" ones. *See Cheff v. Schnackenberg*, 384 U.S. 373, 379, 86 S.Ct. 1523, 1525–26, 16 L.Ed.2d 629 (1966). In this context, the Supreme Court has held that "the severity of the penalty actually imposed is the best indication of the seriousness of the particular offense."

---

**4.** The Sentencing Guidelines contain a similar provision. Under U.S.S.G. § 5D1.2, Term of Supervised Release:
  (a) If a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by the statute, whichever is greater.
  (b) Otherwise, when a term of supervised release is ordered, the length of the term shall be:

  (1) at least three years but not more than five years for a defendant convicted of a Class A or B felony;
  (2) at least two years but not more than three years for a defendant convicted of a Class C or Class D felony;
  (3) one year for a defendant convicted of a Class E felony or a Class A misdemeanor.

*Frank,* 395 U.S. at 149, 89 S.Ct. at 1505. Criminal contempt is classified as "serious," and the right to a jury trial applies, only if the sentence imposed is more than six months. *See Taylor,* 418 U.S. at 495, 94 S.Ct. at 2701–02; *Maita v. Whitmore,* 508 F.2d 143, 146 (9th Cir.1974). Carpenter urges us to use this "actual sentence" approach in applying 18 U.S.C. §§ 3583 and 3013(a) to sentences for contempt.[5] As this case demonstrates, however, the actual sentence may not adequately reflect the severity of the contemnor's conduct. As the government notes, the district judge granted a downward departure based on a mitigating factor-time already served for civil contempt-that had no relevance to the seriousness of Carpenter's contempt.

Having canvassed the available alternatives, we conclude that criminal contempt should be classified for sentencing purposes according to the applicable Guidelines range for the most nearly analogous offense. The applicable Guidelines range is directly linked to the severity of the offense and provides the best analogy to the classification scheme set out in 18 U.S.C. § 3559. Like § 3559, the Guidelines range focuses on the upper limit of the district judge's discretion, classifying the crime according to the maximum sentence the judge was *authorized* to impose rather than the sentence *actually* imposed. And because the district judge must choose which guideline to apply in criminal contempt cases, *see* U.S.S.G. §§ 2J1.1, 2X5.1, the sentencing range reflects the judge's assessment of the severity of the contemnor's conduct.

### III.

■ The district judge found obstruction of justice to be the most nearly analogous

offense and therefore established a Guidelines range of 6–12 months. Under the classification scheme developed by Congress, Carpenter's contempt conviction is therefore a Class A misdemeanor. *See* 18 U.S.C. § 3559(a)(6). As such, it is subject to a $25 special assessment and no more than one year of supervised release. *See* 18 U.S.C. § 3583(b)(3); § 3013(a)(1)(A)(iii). Accordingly, we vacate Carpenter's term of supervised release and special assessment and remand for resentencing.

REMANDED.

5. Although Carpenter contends we routinely apply the "actual sentence" approach when a statutory provision is at issue, the cases he cites do not support such a broad claim. In *United States v. Baker,* we considered a Speedy Trial Act claim brought by a criminal contempt defendant who had been sentenced to 15 days' imprisonment. We held the offenses "were petty ones to which the Speedy Trial Act does not apply," but we did not base our conclusion on the actual length of the sentence imposed. *United States v. Baker,* 641 F.2d 1311, 1319 (9th Cir.1981).

Nor is the "actual sentence" approach compelled by *NLRB v. A–Plus Roofing, Inc.,* 39 F.3d 1410 (9th Cir.1994). The issue was whether 18 U.S.C. § 3401 authorized magistrate judges to try misdemeanor criminal contempt cases without the defendant's consent; we held consent was required. Although we noted in passing that our result was consistent with the rule in the Third and Eleventh Circuits, which allow magistrates to try criminal contempt cases "so long as the penalties involved make them misdemeanors and the defendants consent," that dictum does not resolve the case before us. *See A–Plus,* 39 F.3d at 1416.