**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jorge Manuel AGUILAR, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Jorge Manuel Aguilar, aka George**
**Aguilar; Jose Cruz; Defendant—**
**Appellant.**

Nos. 01–50364, 01–50457.
D.C. No. CR–01–00369–BTM.
D.C. No. CR–01–00639–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2002 *

Decided Aug. 16, 2002.

Before LAY,** CANBY and PAEZ, Circuit Judges.

## MEMORANDUM ***

Defendant Jorge Aguilar appeals his conviction and five-month sentence for contempt of court pursuant to Rule 42(a) of the Federal Rules of Criminal Procedure [1] for his refusal to testify as a witness in the trial of his co-defendant.[2] Aguilar argues that the district court erred when it invoked summary contempt procedures under Rule 42(a) instead of providing him notice and a hearing pursuant to Rule 42(b). He also contends that the sentence was excessive. We hold that the district court acted within its discretion in employ-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Rule 42(a)'s summary contempt procedures derive from 18 U.S.C. § 401, which provides

that a court of the United States has "the power to punish by fine or imprisonment, at its discretion, ... contempt of its authority ...."

2. In appeal no. 01–50364, Aguilar appeals the seventy-month sentence that the district court imposed following his guilty plea conviction for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Aguilar, however, does not raise any issues regarding his sentence in his consolidated brief. Because Aguilar has waived any challenge to his sentence, we affirm.

ing Rule 42(a)'s summary contempt procedures.

### 1. Summary Contempt Under Rule 42(a)

 In *United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975), the Supreme Court established two essential prerequisites for summary contempt: "that the contumacious behavior be seen or heard by the judge and that it be committed in the actual presence of the court." *In re Gustafson*, 650 F.2d 1017, 1021 (9th Cir.1981) (en banc). Both of these prerequisites were met here when Aguilar refused to testify, in violation of the judge's order, in the presence of the judge.

 Aguilar argues, however, that the court had no "pressing concern" that required summary contempt and that the district court could have provided a day for him to research defenses to the contempt citation. We have emphasized that use of Rule 42(a) is proper only when there is a "need for immediate penal vindication of the dignity of the court." *United States v. Abascal*, 509 F.2d 752, 765 (9th Cir.1975) ("it must appear also that immediate punishment is essential to prevent demoralization of the court's authority before the public."). Rule 42(b) is to be applied "except (in) those unusual situations envisioned by Rule 42(a) where instant action is necessary to protect the judicial institution itself." *Gustafson*, 650 F.2d at 1022–23, *quoting Harris v. United States*, 382 U.S. 162, 164, 167, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

The trial of Aguilar's co-defendant was short, just three days. Because Aguilar participated with his co-defendant in the alleged crime, the government reasonably sought to obtain Aguilar's testimony. The government called Aguilar as a witness on the second day of trial and, when Aguilar refused to testify, the district court granted him immunity. Because Aguilar continued to refuse to testify, his refusal was sufficient justification for the district court to resort to summary contempt under Rule 42(a). *See Wilson*, 421 U.S. at 319 ("In an ongoing trial, with the judge, jurors, counsel, and witnesses all waiting, Rule 42(a) provides an appropriate remedial tool to discourage witnesses from contumacious refusals to comply with lawful orders essential to prevent a breakdown of the proceedings."). Immediate punishment was essential to prevent disruption of an ongoing trial. The district court did not abuse its discretion in invoking summary contempt under Rule 42(a). *United States v. Rrapi*, 175 F.3d 742, 754 (9th Cir.1999) (reviewing for abuse of discretion the district court's "decision to invoke [Rule 42(a) contempt proceedings], including its consideration of the need for immediate action").

### 2. Punishment

 We affirm Aguilar's five-month concurrent sentence[3] because it was not "so excessive as to amount to an abuse of discretion." *United States v. Carpenter*, 91 F.3d 1282, 1283 (9th Cir.1996). Aguilar's sentence was in line with other sentences imposed for contemptuous conduct. *See United States v. Flynt*, 756 F.2d 1352, 1366–67 (9th Cir.1985) (reducing sentence from eighteen months to the five and half months served where summary contempt was inappropriate); *Carpenter*, 91 F.3d at 1284 (upholding application of the Sentencing Guidelines and analogizing criminal

---

**3.** The district court ordered that Aguilar serve his contempt sentence concurrently with his seventy-month sentence for his conviction under 21 U.S.C. §§ 952 and 960.

contempt to obstruction of justice to find six-to twelve-month sentencing range).

AFFIRMED.