MEMORANDUM **
Curtis Richmond (“Richmond”) appeals the denial of his motion to dismiss criminal contempt charges filed against him, due to an alleged violation of the Speedy Trial Act. See 18 U.S.C. §§ 401(3) (criminal contempt); 3161 (Speedy Trial ■ Act). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm. Because the parties are familiar with the facts of the case, we do not recite them here. •
The arrest order for Richmond specifically limited the maximum penalty to six months imprisonment, and thus Richmond was prosecuted and sentenced only for a petty offense. The Speedy Trial Act specifically excludes from its application Class B and Class C misdemeanors, those petty offenses for which the maximum sentence is six months imprisonment or less. 18 U.S.C. §§ 3172(2), 3559(a)(7). Petty offenses are exempted from both the requirement of a jury trial and the Speedy Trial Act. See United States v. Baker, 641 F.2d 1311, 1319 (9th Cir.1981) (holding Speedy Trial Act does not apply to petty offenses); United States v. Carpenter, 91 F.3d 1282 (9th Cir.1996) (collecting cases explaining that criminal contempt cannot be classified as either a felony or misdemeanor for all purposes, but instead should be classified based on the sentencing range imposed). Although the district court attempted to apply the Speedy Trial Act out of “an abundance of caution,” following the parties’ lead in the original stipulation, it was not required to do so.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.