[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13479

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60315-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE A. COHN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2009)

Before TJOFLAT and BLACK, Circuit Judges, and EVANS,* District Judge.

PER CURIAM:

_____

* Honorable Orinda D. Evans, United States District Judge for the Northern District of
Georgia, sitting by designation.

The principal question this appeal presents is whether criminal contempt, 18 U.S.C. § 401, should be classified as a felony or a misdemeanor. We conclude that criminal contempt is a sui generis offense and that it is neither a felony nor a misdemeanor.

I.

A.

On January 7 and 12, 2005, Lee A. Cohn, a member of the Florida bar, entered his appearance as retained counsel on behalf of Kenneth Lance Mallory, who had been indicted by a Southern District of Florida grand jury for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Cohn represented Mallory through the final disposition of the case on August 5, 2005. On that date, the district court accepted Mallory's plea of guilty to the charge, which had been tendered at a change-of-plea hearing on April 18, and sentenced Mallory to 188 months' imprisonment and a four-year term of supervised release.

On January 24, 2006, the U.S. Attorney informed the district court that Cohn had been disbarred by the Florida Supreme Court on January 9, 2006, and that he had been declared "not eligible to practice law in Florida" on April 6, 2005 -- nearly two weeks before Mallory tendered his plea of guilty. On March 29,

2006, Mallory, represented by a court-appointed attorney, moved the district court pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on the ground that Cohn's inability to practice law had deprived him of the effective assistance of counsel at his change-of-plea hearing and sentencing. The court granted the motion on May 25, 2006.

B.

On August 31, 2006, the district court entered an order pursuant to Rule 42(a) of the Federal Rules of Criminal Procedure[1] requiring Cohn to show cause why he should not be held in criminal contempt, under 18 U.S.C. § 401,[2] for representing Mallory and appearing before the district court "after having been deemed not eligible to practice law in Florida by The Florida Bar." The order stated that such conduct constituted a clear violation of the Special Rules Governing the Admission and Practice of Attorneys for the Southern District of

---

[1] Fed. R. Crim. P. 42 states, in pertinent part:

(a) **Disposition After Notice.** Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.

> **(1) Notice.** The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
> . . . .

> **(C)** state the essential facts constituting the charged criminal contempt.

[2] The text of § 401 is set out in part III infra.

3

Florida.

Pursuant to the district court's order, the U.S. Attorney appeared to prosecute the contempt. At a hearing held on November 9, 2006, Cohn announced that he intended to plead guilty to the criminal contempt charge, and the district court instructed the prosecutor and defense counsel to submit memoranda addressing the question of which of the Sentencing Guidelines was "most analogous" to the § 401 offense. After the parties complied, the district court scheduled a plea and sentencing hearing for January 29, 2007. When the hearing convened, the court informed the parties of its determination that Cohn's offense was

> a crime of criminal contempt pursuant to 18, U.S.C., Section 401(1), that is a Class A felony and, therefore, the statutory penalty would be life imprisonment, a maximum term of life imprisonment, probation would not be authorized, the maximum fine would be $250,000, supervised release would not be greater than five years, and there would be a mandatory special assessment of $100.[3]

Because the court's position was unanticipated, the court continued the hearing.

On April 23, 2007, the district court accepted Cohn's conditional plea to

---

[3] As we point out infra, 18 U.S.C. § 401 does not classify criminal contempt by letter grade. According to 18 U.S.C. § 3559(a)(1), governing sentencing classification of offenses, if an offense "is not specifically classified by a letter grade in the section defining it," the offense is classified as a Class A felony "if the maximum term of imprisonment authorized is . . . life imprisonment."

criminal contempt.[4]  At a second sentencing hearing on July 9, 2007, the court, adhering to its January 29 announcement that criminal contempt constitutes a Class A felony, sentenced Cohn to forty-five days' imprisonment to be followed by a five-year term of supervised release, and a special assessment of $100.[5]  This appeal followed.

## II.

Cohn asks that we vacate his sentence and remand the case to the district court for resentencing on the ground that the court erred in treating criminal

---

[4]  Fed. R. Crim. P. 11(a)(2) states, in pertinent part: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."  The conditional plea enabled Cohn to challenge on appeal the district court's determination that criminal contempt is a Class A felony.

[5]  The district court accepted the Sentencing Guidelines determination articulated in the presentence report ("the PSI") prepared by the court's probation office.  The PSI designated U.S.S.G. § 2J1.2(b)(2) as the guideline most analogous to the criminal contempt Cohn had committed.  Section 2J1.2 provides for a base offense level of 14.  The PSI increased the base offense level by three levels for "substantial interference with the administration of justice," but reduced it by three levels for acceptance of responsibility, for a total offense level of 14.  Based on a total offense level of 14 and a criminal history category of I, the sentence range called for imprisonment of 15 to 21 months.  Given a maximum term of imprisonment of 21 months, the PSI stated that Cohn's criminal contempt constituted a Class E felony.  (18 U.S.C. § 3559(a)(5) provides that a crime for which the maximum penalty of imprisonment is less than five years but more than one year is a Class E felony.)  The court, however, considered the crime a Class A felony.  Addressing the questions of restitution and fine, the court found that Cohn, who had already made restitution, was unable to pay a fine, but directed him to participate in a substance abuse and mental health program.

contempt as a Class A felony.[6] We review issues of statutory interpretation <u>de novo</u>. <u>United States v. Maturin</u>, 499 F.3d 1243, 1245 (11th Cir. 2007).

III.

The parties agree that 18 U.S.C. § 401 covers Cohn's criminal contempt. It provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Section 401 does not specify maximum or minimum penalties for its violation, nor does it assign a felony or misdemeanor designation or grade. Whether criminal contempt appropriately falls within either the felony or misdemeanor classification

---

[6] As an alternative ground for vacating his sentence, Cohn also argues that the district court erred in determining that U.S.S.G. § 2J1.2, "Obstruction of Justice," is the guideline most analogous to the offense of criminal contempt. Section 2J1.1, "Contempt," is the guideline applicable to 18 U.S.C. § 401. It instructs the sentencing court to apply U.S.S.G. § 2X5.1, "Other Offenses," because "misconduct constituting contempt varies significantly." U.S.S.G. § 2J1.1, comment. (n.1). Section 2X5.1 provides that if an offense is "a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline." The district court determined that Cohn's criminal contempt is a Class A felony and that the most analogous offense is obstruction of justice. Because we reverse the district court's determination that Cohn's contempt was a felony, § 2X5.1 does not apply, and we need not reach the question of whether obstruction of justice was the crime most analogous to Cohn's contempt.

6

is a question of first impression in this circuit.[7]

Title 18 U.S.C. § 3559, which classifies offenses according to letter grades, states that "[a]n offense that is not specifically classified by a letter grade in the

---

[7] The Ninth Circuit is the only court of appeals to have ruled on this precise issue in a reported decision. In United States v. Carpenter, the contemner refused to testify in response to a grand jury subpoena. 91 F.3d 1282, 1282 (9th Cir. 1996) (per curiam). The government argued that Carpenter's criminal contempt constituted a Class A felony based on the reasons articulated by the district court in this case. Id. at 1284. The district court accepted the argument and treated the contempt as a Class A felony. The Ninth Circuit reversed, holding that the only similarity criminal contempt bore to other Class A felonies was that § 401 did not specify a maximum term of imprisonment. Although a maximum penalty is not specified "for Class A felonies because Congress views all such felonies as extraordinarily serious crimes," the court observed that criminal contempts, "in contrast, include a broad range of conduct, from trivial to severe." Id. The Ninth Circuit elected to classify criminal contempt in accordance with the maximum sentence a court could impose for the most analogous offense. Id. at 1285. The district court had found that obstruction of justice, with a sentence range under the Guidelines of 6-12 months, was the most analogous offense to Carpenter's contempt. Id. Accordingly, the Ninth Circuit classified Carpenter's criminal contempt as a Class A misdemeanor. Id. We decline to adopt this method of classification. The method does not address how to classify criminal contempt if a sufficiently analogous guideline is absent. More importantly, maximum penalties are established by statute, not the Sentencing Guidelines. It is far from clear whether a district court, in classifying a criminal contempt, should use the maximum penalty called for by the base offense level or the total offense level, including all possible enhancements.

Judge Barkett, in a special concurrence, has addressed the issue of classifying criminal contempt. See United States v. Love, 449 F.3d 1154, 1157-59 (11th Cir. 2006) (per curiam) (Barkett, J., specially concurring). In that case, the defendant was convicted of violating 18 U.S.C. § 401(3) and sentenced to 45 days' imprisonment and five years' supervised release by the same district court who sentenced Cohn. The court classified contempt as a Class A felony. On appeal, this court did not address the merits of the district court's classification decision because it found that the defendant had "induced or invited the ruling." Id. at 1157. Judge Barkett opined "that criminal contempt, as an offense sui generis, cannot be branded a Class A felony in every instance." Id. at 1157-58. Otherwise, "patently absurd" and likely unconstitutional results, including harsh or disparate punishments, would result. Id. at 1158. Judge Barkett emphasized that criminal contempts are not universally "'extraordinarily serious'" but rather "'include a broad range of conduct, from trivial to severe.'" Id. at 1158 (quoting Carpenter, 91 F.3d at 1284). Judge Barkett asserted that the Carpenter approach would appropriately address these concerns; nonetheless, we do not adopt the Carpenter approach for the reasons above.

section defining it, is classified . . . [according to] the maximum term of imprisonment authorized." The district court reasoned that because a maximum penalty is not specified in § 401, a violation of the statute is punishable by life imprisonment. Pursuant to § 3559, crimes punishable by life imprisonment are classified as Class A felonies.[8] Class A felons cannot be sentenced to probation.

We disagree with the district court's conclusion that § 401 falls within the ambit of § 3559's classification scheme. Section 401 covers a broad range of conduct, as acknowledged by the Supreme Court. See, e.g., Frank v. United States, 395 U.S. 147, 149, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969) ("[A] person may be found in contempt of court for a great many different types of offenses . . . . Congress, perhaps in recognition of the scope of criminal contempt, has authorized courts to impose penalties but has not placed any specific limits on

---

[8] In its entirety, subsection (a) of 18 U.S.C. § 3559 states:

(a) Classification.--An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is--

(1) life imprisonment, or if the maximum penalty is death, as a Class A felony;
(2) twenty-five years or more, as a Class B felony;
(3) less than twenty-five years but ten or more years, as a Class C felony;
(4) less than ten years but five or more years, as a Class D felony;
(5) less than five years but more than one year, as a Class E felony;
(6) one year or less but more than six months, as a Class A misdemeanor;
(7) six months or less but more than thirty days, as a Class B misdemeanor;
(8) thirty days or less but more than five days, as a Class C misdemeanor; or
(9) five days or less, or if no imprisonment is authorized, as an infraction.

8

their discretion."); <u>Green v. United States</u>, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2

L.Ed.2d 672 (1958) ("Congress has not seen fit to impose limitations on the

sentencing power for contempts."), <u>overruled in part on other grounds by</u> <u>Bloom</u>

<u>v. Illinois</u>, 391 U.S. 194 (1968). Likewise, a broad array of penalties exists for §

401 violations. No single sentencing guideline applies to § 401. Courts, in

sentencing contemners, are directed to the "Other Offenses" section of the

Guidelines rather than a single guideline "[b]ecause misconduct constituting

contempt varies significantly and the nature of the contemptuous conduct, the

circumstances under which the contempt was committed, the effect the misconduct

had on the administration of justice, and the need to vindicate the authority of the

court are highly context-dependent." U.S.S.G. § 2J1.1, comment. (n.1).[9]

Uniform classification of criminal contempt would be inconsistent with the

breadth of § 401 and appropriate sentences for its violation. On the other hand, it

would be an impracticable, painstaking task individually to classify each instance

of criminal contempt. Accordingly, we hold that criminal contempt is best

---

[9] Forcing a district court to pigeonhole a criminal contempt into a felony or misdemeanor category would impinge on its ability to impose appropriate sentences. Pursuant to § 3559, different classifications prescribe various periods of imprisonment and supervised release and fines. Due to the variety of conduct which may be punished as criminal contempt, it is important that the district courts have flexibility in sentencing. For example, a court may be inclined to impose a short period of imprisonment but a lengthy term of supervised release or a steep fine. Section 3559's classification system would not permit this flexibility.

categorized as a sui generis offense, rather than a felony or misdemeanor.

This reading of § 401 is supported by the Supreme Court's consistent categorization of criminal contempt as a sui generis offense. See Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966) (referring to criminal contempt as "an offense sui generis"); see also United States v. Holmes, 822 F.2d 481, 493 (5th Cir. 1987) ("[T]he Supreme Court has never characterized contempt as either a felony or a misdemeanor, but rather has described it as 'an offense sui generis.'"). This reading also appropriately reflects the differences between criminal contempt and the traditional crimes classified pursuant to § 3359. Criminal contempt need not be charged by indictment. See Fed. R. Crim. P. 7(a)(1); Fed. R. Crim. P. 42(a). The district courts have authority to appoint private attorneys to initiate and prosecute a criminal contempt case. Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 799-801, 107 S.Ct. 2124, 2133-34, 95 L.Ed.2d 740 (1987); Fed. R. Crim. P. 42(a)(2).

Considering the scope of § 401 and the wide range of sentences that may be imposed for its violation, Supreme Court jurisprudence, and the differences between criminal contempt and other crimes, we hold that criminal contempt is an offense sui generis that cannot be classified pursuant to § 3559. The district court accordingly erred in classifying criminal contempt as a Class A felony.

10

IV.

For the foregoing reasons, the sentence the district court imposed is vacated and the case is remanded for resentencing.

VACATED AND REMANDED.