# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1486
_____

United States of America

*Plaintiff - Appellee*

v.

Deiago Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: November 13, 2023
Filed: January 22, 2024
[Unpublished]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Deiago Davis appeals the district court's[1] order sentencing him to three years of imprisonment for violating the terms of his supervised release. Davis argues his sentence may not exceed two years because the probation office previously

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

classified his underlying conviction as a class D felony. He claims the district court is bound by that earlier classification. We affirm the sentence.

In 2014, despite a judge's orders, Davis refused to testify in front of a federal grand jury. As a result, a grand jury indicted Davis for criminal contempt of court under 18 U.S.C. § 401(3). He pled guilty to the charge. He was sentenced to 46 months of imprisonment and a five-year term of supervised release. While on supervised release, Davis committed several violations, which caused the probation office to file a petition to revoke his release. In its violation worksheet, the probation office listed Davis's underlying conviction as a class D felony. After a hearing, the district court revoked Davis's release and ordered him to serve 13 months of imprisonment and three years of supervised release to follow.

Davis fared no better on his second term of supervised release, committing several violations. The probation office again petitioned to revoke his supervised release, but this time it classified the underlying offense as a class A felony. Davis objected, arguing the district court was bound by the previous classification of the offense as a class D felony, even if that classification may have been erroneous. The correct classification matters because if Davis's underlying offense was a class D felony, then he is not required to serve more than 2 years in prison for the supervised release violation. *See* 18 U.S.C. § 3583(e)(3). The district court overruled the objection, treating Davis's underlying offense as a class A felony, which meant the maximum prison sentence was five years, *see id.*[2] The district court sentenced Davis to three years of imprisonment with no supervised release to follow.

_____

[2]18 U.S.C. § 3583(e)(3) states:

"The court may . . . revoke a term of supervised release . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, . . . [or] more than 2 years in prison if such offense is a class C or D felony . . . ."

We review de novo the legality of Davis's revocation sentence. *United States v. Childs*, 17 F.4th 790, 791 (8th Cir. 2021). Based on careful review of the record, we conclude Davis has failed to show the district court erred.

Davis cites no authority as to why the district court must treat his underlying felony as a class D felony simply because the probation office labeled it as such in a prior proceeding. The proper classification of the underlying offense had never been litigated or formally ruled upon, so no prior determination was binding on the district court at Davis's second revocation sentencing. The district court was free to correct what it perceived to be error. Because Davis does not articulate any other reason why the imposed sentence may be unlawful, we are not presented with any basis to disturb the sentence.[3]

Accordingly, we affirm the district court.

———————————————

———————————

[3]The government argues criminal contempt of court is correctly classified as a class A felony because 18 U.S.C. § 3559(a)(1) makes any offense a class A felony if the offense is punishable by up to life imprisonment. Assuming a violation of § 401 is punishable by life imprisonment, we note a split among the circuits regarding whether § 401 is subject to § 3559's classification scheme. For instance, the Eleventh Circuit held—not without authority—that "criminal contempt is best categorized as a *sui generis* offense, rather than a felony or misdemeanor." *United States v. Cohn*, 586 F.3d 844, 848 (11th Cir. 2009). Meanwhile, the First Circuit rejected *Cohn*'s reasoning and held § 401 is a class A felony. *See United States v. Wright*, 812 F.3d 27, 34–35 (1st Cir. 2016). We need not decide whether § 401 is a class A felony to resolve this case because Davis did not raise or brief this issue on appeal.