RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0333p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

STACY OWENS,

*Defendant-Appellant*.

No. 25-5015

─────────────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:21-cr-00022-17—Waverly D. Crenshaw, Jr., District Judge.

Argued: October 22, 2025

Decided and Filed: December 8, 2025

Before: COLE, KETHLEDGE, and NALBANDIAN, Circuit Judges.

─────────────────────

## COUNSEL

**ARGUED:** William G. Allensworth, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Nicholas J. Goldin, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee. **ON BRIEF:** Alex Thomason, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Nicholas J. Goldin, Philip H. Wehby, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

KETHLEDGE, J., delivered the opinion of the court in which COLE and NALBANDIAN, JJ., concurred. COLE, J. (pp. 7–10), delivered a separate concurring opinion.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge. Stacy Owens pled guilty to criminal contempt, and the district court sentenced her to 11 months in prison. She now challenges the procedural and substantive reasonableness of her sentence. We reject her arguments and affirm.

In June 2019, as part of an investigation of a large-scale drug conspiracy, federal agents intercepted two mail parcels addressed to Owens's residence. Those parcels together contained nearly five kilograms of methamphetamine. An undercover agent then delivered the parcels to Owens's residence, and she accepted them. Postal records also showed that, between March and June 2019, Owens had received seven other such parcels. Law enforcement later arrested her on an indictment that charged numerous defendants in the conspiracy.

Owens thereafter pled guilty to conspiring to distribute controlled substances. Her role was simply to accept the parcels and then to turn them over to others in the conspiracy. In May 2024, the district court held Owens's sentencing hearing. The court calculated a guidelines range of 57 to 71 months, which reflected in part that Owens had no prior convictions. The court also discussed Owens's personal history and characteristics at length: that she had an abusive childhood, in a bad neighborhood, with drugs present in the home; that she had since shown "remarkable resilience," as shown by (among other things) her certification as a "nursing assistant"; that she cared for four of her own biological children, and had adopted two other children from her sister; and that, in joining the conspiracy, Owens had chosen "an illegal and dangerous path to obtain drugs for [her]self and money for [her] family." At the hearing's end, the court imposed a sentence of 12 months—far below her guidelines range, for reasons the court had explained in detail. The court also granted Owens's request for a delay of 60 days before reporting to prison. That gave her a report date of August 4, which was later extended to August 24.

Yet Owens failed to report to prison on that date.  Her husband later said that, while they were en route to her designated prison (in Texas), she had "jumped out of their vehicle and fled the area"; Owens countered that, after an argument, her husband had left her by the side of the road.  Either way, the district court issued a warrant for her arrest, and Owens surrendered to U.S. Marshals in Arkansas on September 4, 2024.

Two months later, the court entered an order charging Owens with criminal contempt under 18 U.S.C. § 401(3)—the contempt being her failure to report to prison as ordered.  The court also appointed an Assistant U.S. Attorney to prosecute the charge, and set a trial date in December.  *See generally* Fed. R. Crim. P. 42(a).  Owens thereafter advised that she would plead guilty.

On December 20, the court held a combined plea and sentencing hearing.  Owens pled guilty and (through counsel) argued for a sentence of 30 days' imprisonment; the government sought a sentence of four months.  But the court calculated a guidelines range of 6-12 months and imposed a sentence of 11 months' imprisonment for the contempt conviction, consecutive to the 12 months for Owens's conspiracy conviction.

Owens now challenges the procedural and substantive reasonableness of her sentence for contempt—which we review for an abuse of discretion.  *See United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015).

Owens's principal argument is that the district court miscalculated her guidelines range.  By way of background, most federal offenses have an applicable sentencing guideline that specifies the base-offense level for that offense, along with "specific offense characteristics" that can raise or lower that offense level.  But the applicable guideline (§2J1.1) for "Contempt" simply provides:  "Apply §2X5.1 (Other Offenses)."  The first "application note" for §2J1.1 explains:

> Because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent, the Commission has not provided a specific guideline for this offense.

Yet the notes for §2J1.1 do suggest a straightforward means to determine a base-offense level for a defendant convicted of contempt. Specifically, the first note for §2J1.1 goes on to say: "[i]n certain cases, the offense conduct will be sufficiently analogous to §2J1.2 (Obstruction of Justice) for that guideline to apply." The second note for §2J1.1 similarly provides that, for "willful failure to pay court-ordered child support . . . the most analogous guideline is §2B1.1." And the third note says, "[i]n a case involving a violation of a judicial order enjoining fraudulent behavior, the most analogous guideline is §2B1.1." So §2J1.1 does not specify a base-offense level for contempt; but it does tell us—implicitly, but clearly enough—to apply "the most analogous guideline," given the particular misconduct (amounting to contempt) in the case at hand.

But §2X5.1, in turn, puts a condition on that implicit guidance. Section 2X5.1—entitled "Other Felony Offenses"—provides in relevant part:

> If the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable.

So §2X5.1 states expressly that, *if* the defendant's offense is a felony without an express guideline, then we should "apply the most analogous guideline" (if there is one). But if the defendant's offense is *not* a felony, an application note tells us, then we should apply §2X5.2—which prescribes a base offense level of "6" for Class A misdemeanors. U.S.S.G. §§2X5.1 n.3, 2X5.2. That is a relatively low base offense level. Whether we characterize contempt as a felony or a misdemeanor in a particular case, therefore, can substantially affect the calculation of a defendant's guideline range.

The question, then, is how to determine whether Owens's contempt should be treated as a felony for purposes of that calculation. Whether an offense is a felony usually depends on whether its "maximum term of imprisonment" exceeds one year. *See* 18 U.S.C. § 3559(a)(6). But on that point the contempt statute is unhelpful: it does not recite any maximum sentence for contempt. Here is what the statute does say:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> > (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> >
> > (2) Misbehavior of any of its officers in their official transactions;
> >
> > (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

The government argues that, given the absence of an express statutory maximum for contempt, the district court can impose a sentence of up to life imprisonment for a contempt conviction. And thus, the government says, contempt is always a felony. But that argument is implausible, given the sort of "misbehavior"—for example, improper use of a cellphone in a courtroom—that can amount to contempt. *See United States v. Prince*, 526 Fed. App'x 447, 448 (6th Cir. 2013); *United States v. Moncier*, 571 F.3d 593, 597-98 (6th Cir. 2009) (lawyer's repeated interruptions of the judge were contempt). Hence the putative sentencing discretion that the government invokes is, at best, theoretical. And the Sentencing Commission itself has recognized, as noted above, that the "misconduct constituting contempt varies significantly[.]" U.S.S.G. §2J1.1 n.1.

The Commission's guidance thus confirms what common sense suggests: whether contempt amounts to a felony, for purposes of calculating a guidelines range, should be determined on a case-by-case basis, not across the board. And rather than make that legislative judgment ourselves, we will defer to Congress's judgment as to whether conduct is felonious. Specifically, to determine whether to treat contempt as a felony—for purposes of calculating a guidelines range—we examine whether the "misconduct constituting contempt" is akin to conduct treated as felonious under the federal criminal code.

Here, Owens's conduct is not only akin, but identical to conduct that the code treats as felonious. Specifically, 18 U.S.C. § 3146 provides that knowingly "fail[ing] to surrender for service of sentence pursuant to a court order"—which was the misconduct amounting to contempt here—is punishable by imprisonment by terms measured in years (on the facts in Owens's case, up to ten years). *See* 18 U.S.C. § 3146(b)(A)(i). Hence the code treats the

conduct here as felonious. We borrow that judgment and conclude that Owens's contempt offense was a felony for purposes of calculating her guidelines range.

That means §2X5.1 ("If the offense is a felony") applies here; and thus we should apply "the most analogous offense guideline." U.S.S.G. §2X5.1; *see United States v. Hendrickson*, 822 F.3d 812, 828 (6th Cir. 2016). That guideline in turn is the same one the district court applied, namely §2J1.6, which applies to violations of 18 U.S.C. § 3146—which (again) proscribes the same conduct at issue here. The district court was therefore correct to treat Owens's conduct as felonious and to apply §2J1.6—which means the court correctly calculated her guidelines range.

Owens otherwise argues that the district court placed too much emphasis on deterrence and too little on the other § 3553(a) factors when choosing a sentence of 11 months' imprisonment for her contempt conviction. But that argument wholly overlooks the district court's notably thorough consideration of many of those same factors only six months before, during sentencing for her conspiracy conviction. And we review the adequacy of what the court said here in the context of what the court also said in sentencing Owens not long before. *See Chavez-Meza v. United States*, 585 U.S. 109, 118-19 (2018). Moreover, in that prior sentencing, the court varied downward, from a guidelines range of 57-71 months, to impose a sentence of only 12 months; and yet, a short while later, Owens failed to report to prison as the court had ordered. The court therefore had good reason to perceive a "need to vindicate the authority of the court" when imposing her sentence for contempt. U.S.S.G §2J1.1 n.1. And as for general deterrence, the court was right to think that "chaos" could result if convicted defendants felt free to regard prison-report dates as optional. The court's consideration of the § 3553(a) factors in both of Owens's sentencings was not deficient, but exemplary.

The district court's judgment is affirmed.

———————————

**CONCURRENCE**

———————————

COLE, Circuit Judge, concurring. Because I agree that Owens's criminal contempt sentence is not procedurally or substantively unreasonable, I would also affirm the district court's judgment. I write separately to elaborate further on the central question before us: whether criminal contempt should be automatically classified as a felony.

Additional relevant facts of this case are as follows. After a turbulent upbringing and adulthood in Memphis, Tennessee, Owens was struggling with severe financial strain. Owens sought a loan from a childhood friend, who instead offered the money outright if Owens would accept packages at her home. Owens ultimately received seven paid deliveries between March and June 2019. Federal agents intercepted two of the packages and found that they contained 4.8 kilograms of methamphetamine in total.

Owens later pleaded guilty to conspiracy to distribute controlled substances and received a below-Guidelines sentence of 12 months' imprisonment, followed by three years of supervised release. The district court noted that the sentence imposed would hold Owens accountable for her actions, while acknowledging Owens's pivotal role in providing stability for her immediate and extended family members.

The district court ordered Owens to self-surrender 80 days later, but she failed to appear. Instead, Owens surrendered only after she was informed of an active warrant for her arrest—11 days after her report date.

The district court charged Owens with criminal contempt for her failure to appear and set the matter for trial, but Owens pleaded guilty. Ultimately, the district court imposed an 11-month sentence. The district court relied upon the probation office's Guideline calculation, which classified Owens's contempt charge as a felony, in making its determination.

Owens challenges both the procedural and substantive reasonableness of her criminal contempt sentence; I address only procedural reasonableness.

This court reviews procedural reasonableness under the abuse-of-discretion standard. *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A sentence is procedurally unreasonable if, among other things, the district court 'fail[s] to calculate (or improperly calculate[s]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence.'" *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015) (quoting *Gall*, 552 U.S. at 51). Owens argues that the district court erred in classifying her criminal contempt charge as a felony, rather than as a misdemeanor, which "caused it to overstate her total offense level and miscalculate her Guidelines range." (Appellant Br. 16.)

The Guidelines do not provide a specific range for criminal contempt "[b]ecause misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent[.]" U.S.S.G. § 2J1.1, n.1. Accordingly, the guideline for contempt, U.S.S.G. § 2J1.1, directs the sentencing court to apply § 2X5.1. *See United States v. Price*, 30 F. App'x 333, 335 (6th Cir. 2002). Section 2X5.1, entitled "Other Felony Offenses," provides that "[i]f the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control[.]"

Moreover, U.S.S.G. § 2J1.1 cross-references 18 U.S.C. § 401, as reflected in Appendix A of the Guidelines Manual. *See* U.S. Sent'g Guidelines Manual app. A (U.S. Sent'g Comm'n 2025). Section 401 authorizes courts to punish criminal contempt and sets maximum penalties. 18 U.S.C. § 3559(a) classifies criminal contempt offenses—and therefore the statutory sentencing ranges—pursuant to the authorized maximum term of imprisonment, thus linking § 401's penalty provisions directly to § 3559(a)'s offense classification scheme. *See* 18 U.S.C. §§ 401, 3559(a).

Circuits are divided on the proper classification of criminal contempt. For example, the First Circuit has held that criminal contempt should automatically be classified as a Class A

felony. *See United States v. Wright*, 812 F.3d 27, 32 (1st Cir. 2016). Conversely, the Ninth Circuit rejected a literal interpretation of § 401, reasoning instead that "[t]he severity of contempt violations for purposes of 18 U.S.C. § 3559(a) turns on [the statutory maximum of] the most analogous underlying offense." *United States v. Broussard*, 611 F.3d 1069, 1072 (9th Cir. 2010) (citing *United States v. Carpenter*, 91 F.3d 1282, 1285 (9th Cir. 1996) (per curiam)). Given the broad range of conduct encompassed by criminal contempt, the Ninth Circuit found it "unreasonable to conclude" that Congress intended "to brand all contempts as serious and all contemnors as felons." *Carpenter*, 91 F.3d at 1284 (citing *Frank v. United States*, 395 U.S. 147, 149 (1969)). And finally, the Eleventh Circuit has adopted a flexible, case-by-case sentencing approach, rather than a uniform classification of criminal contempt as a Class A felony. *See, e.g.*, *United States v. Cohn*, 586 F.3d 844, 849 (11th Cir. 2009).

For its part, the Supreme Court has long recognized criminal contempt as an offense sui generis. *See, e.g.*, *Cheff v. Schnackenberg*, 384 U.S. 373, 380 (1966). This characterization reflects both contempt's unique character as an offense committed directly against the authority of the court and its functional flexibility in addressing misconduct "ranging from disrespect for the court to acts otherwise criminal." *Frank*, 395 U.S. at 149. The Supreme Court has also embraced a flexible view on categorizing criminal contempt, emphasizing that "in the areas where Congress has not seen fit to impose limitations on the sentencing power for contempts[,] the district courts have a special duty to exercise such an extraordinary power with the utmost sense of responsibility and circumspection," which is overseen by appellate courts for abuse of power. *Green v. United States*, 356 U.S. 165, 188 (1958), *overruled in part on other grounds by Bloom v. Illinois,* 391 U.S. 194 (1968).

Here, the district court, mirroring the First Circuit's approach, automatically classified Owens's contempt as a Class A felony. The court followed the directive of U.S.S.G. § 2J1.1 to apply § 2X5.1, finding that the most analogous Guideline offense was §2J1.6, which addresses failure to appear. It then determined that Owens had an adjusted offense level of 9 and a criminal history category of II, yielding a Guidelines range of 6 to 12 months. Accordingly, it sentenced her to 11 months of incarceration.

But in my view, and seemingly also that of the majority, the Ninth Circuit's approach best accords with both the Supreme Court's longstanding treatment of criminal contempt and the structure of 18 U.S.C. § 3559(a).  By linking contempt's classification to the statutory maximum of the most analogous offense, this approach preserves the flexible, offense-specific assessment that contempt requires, without flattening a wide range of misconduct into a severe felony classification.  *See Carpenter*, 91 F.3d at 1284.

The most analogous offense to Owens's failure to self-report is 18 U.S.C. § 3146(a)(2), regarding failure to surrender.  Section 3146(a)(2) authorizes up to 10 years of imprisonment for willful failure to appear or surrender when the underlying offense is punishable by death or life imprisonment; here, Owens's drug conspiracy conviction under 21 U.S.C. § 846 carries the possibility of a life sentence.  Thus, Owens's criminal contempt, analogized to § 3146(a)(2), falls within § 3559(a)(3)'s Class C felony range, which applies to offenses punishable by 10 to 20 years' imprisonment.  Because Owens's 11-month sentence for criminal contempt is not procedurally unreasonable, I concur.