MEMORANDUM *
Deante Broussard appeals the district court’s sentence of two years imprisonment, followed by three years of supervised release, arising from his violation of the conditions of his previous supervised release term. We affirm the two year term of imprisonment, but remand for re-sentencing on the term of supervised release.
Broussard first contends that the district court erred by classifying a prior *711 criminal contempt conviction under 18 U.S.C. § 401(3) as a Class A felony, rather than as a Class E felony. The government concedes that the contempt conviction should not have been classified as a Class A felony, but contends on appeal that it should be considered a Class D felony. United States v. Carpenter, 91 F.3d 1282 (9th Cir.1996), instructs that “criminal contempt should be classified for sentencing purposes according to the applicable Guidelines range for the most nearly analogous offense.” Id. at 1285. Carpenter also gives deference to the “district judge’s discretion” in classifying the contempt conviction. Id. We therefore remand for the district judge to determine, in the first instance, whether Broussard’s prior contempt conviction should be considered a Class D felony, as the government contends, or a Class E felony, as Broussard contends, and to revise the term of supervised release accordingly. We reject the government’s argument that the district court may have been dealing with Brous-sard’s convictions separately, silently intending to sentence him to consecutive, rather than concurrent, terms. The sentencing transcript does not support the government’s position.
Broussard next argues that the district court abused its discretion in sentencing him to two years in prison, when the United States Sentencing Guidelines suggested a range of seven to thirteen months. The Guidelines range enjoys no presumption of reasonableness. United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008) (en banc). The district judge appropriately calculated the Guidelines range and cogently explained her reasons for departing upward. There was no abuse of discretion.
We therefore AFFIRM Broussard’s two year term of imprisonment. We VACATE Broussard’s supervised release term and REMAND for the district judge to determine the proper classification of Brous-sard’s prior contempt conviction.
VACATED and REMANDED, in part; AFFIRMED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.