**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

        v.

DEANTE BROUSSARD,
          *Defendant-Appellant.*

No. 09-10331

D.C. No.
3:06-cr-00544-
MHP-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Submitted February 9, 2010*
San Francisco, California

Filed July 14, 2010

Before: Alex Kozinski, Chief Judge, David R. Thompson
and M. Margaret McKeown, Circuit Judges.

Opinion by Chief Judge Kozinski

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Briefed by Ethan A. Balogh, Coleman & Balogh LLP, San Francisco, California, for the defendant-appellant.

Briefed by Joseph P. Russoniello, United States Attorney, Northern District of California, San Francisco, California; Barbara J. Valliere, Chief, Appellate Section, Northern District of California, San Francisco, California; and Owen P. Martikan, Assistant United States Attorney, Northern District of California, San Francisco, California, for the plaintiff-appellee.

## OPINION

KOZINSKI, Chief Judge:

We consider how convictions for contempt of court are classified for sentencing purposes in the wake of *United States* v. *Booker*, 543 U.S. 220 (2005).

### Facts

This case arises from Deante Broussard's third supervised release violation. But the story starts much earlier, when he

was released following his first supervised release violation. One of the terms of Broussard's second round of supervised release required him to reside in twenty-four-hour lockdown at a halfway house in Oakland. The day Broussard arrived at the halfway house, he tried to escape. An alert ATF agent saw Broussard jump into a car in front of the halfway house and blocked the car's path. Broussard was subdued after a scuffle and eventually pleaded guilty to assaulting a federal officer and contempt of court for violating supervised release. The district judge sentenced him to two concurrent eighteen-month prison terms, followed by two concurrent three-year terms of supervised release. The conditions of supervised release included a prohibition on "excessive use of alcohol" and a ban on visiting San Francisco, where Broussard had gang ties.

Broussard served his eighteen months and began a third round of supervised release. A few weeks later, he violated its terms by going to San Francisco, failing to report a police contact and failing to report that he'd obtained a car. Broussard pleaded guilty to the violations and the district judge revoked his supervised release. At issue is the punishment she then imposed.

The supervised release statute caps the overall length of the sentence that can be imposed following revocation of supervised release but gives the district judge discretion to impose either imprisonment, supervised release or a combination of the two. 18 U.S.C. § 3583(b), (e)(3), (h). The maximum possible sentence for violating the terms of supervised release turns on the seriousness of the underlying offense. 18 U.S.C. § 3583(b). The district judge was therefore required to classify the prior convictions supporting Broussard's prior supervised release terms—assaulting a federal officer and contempt of court—according to the scheme set out in 18 U.S.C. § 3559. Section 3559 classifies felonies by their maximum sentence, with A felonies being the most serious and E felonies being the least. For example, crimes with a maximum

sentence of life imprisonment or death are Class A felonies, whereas crimes with a maximum sentence of less than five years but more than one year are Class E felonies. *Id.* § 3559(a).

Because contempt of court has no statutory maximum, 18 U.S.C. § 401, the district judge held that Broussard's prior contempt conviction was for a Class A felony. The total maximum sentence for revocation of supervised release following a Class A felony is five years. 18 U.S.C. § 3583(e)(3). The judge sentenced Broussard to two years in prison and three years of supervised release. One of Broussard's conditions of supervised release was that he "refrain from the use of alcohol."

Broussard appealed the sentence, arguing that his contempt conviction should have been classified as a Class E felony, which would have capped his maximum total sentence at one year. 18 U.S.C. § 3583(b)(3), (e)(3). The government conceded that Broussard's contempt conviction wasn't a Class A felony, but argued that it was a Class D felony, for which the maximum sentence is three years, with up to two of those in prison. *Id.* § 3583(b)(2), (e)(3). After affirming "the two year term of imprisonment"—presumably on the basis of Broussard's other prior conviction, assaulting a federal officer under 18 U.S.C. § 111, which the parties agree was a Class D felony—we remanded "for the district judge to determine, in the first instance, whether Broussard's prior contempt conviction should be considered a Class D felony, as the government contends, or a Class E felony, as Broussard contends, and to revise the term of supervised release accordingly." *United States* v. *Broussard*, No. 08-10128, slip op. at 1-2 (9th Cir. Apr. 14, 2009) (mem.).

On remand, the district judge determined that Broussard's contempt conviction was most analogous to "escape" under 18 U.S.C. § 751, because he committed the contempt by trying to escape from the halfway house. Neither party disputes

this analogy. Finding escape to be a Class D felony, the judge treated Broussard's contempt conviction as a Class D felony. Because assaulting a federal officer is also a Class D felony, the district judge imposed identical concurrent terms for both offenses, consisting of two years in prison and one year of supervised release. Finally, the judge refused to alter the previously-imposed ban on consuming alcohol. Broussard appeals yet again.

## Analysis

[1] **1.** Because criminal contempt has no statutory maximum sentence, 18 U.S.C. § 401, under a literal reading of the classification statute, it would be a Class A felony, 18 U.S.C. § 3559(a) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . life imprisonment, or if the maximum penalty is death, as a Class A felony."). We've rejected that literal approach to classifying contempt convictions. In *United States* v. *Carpenter* we explained that "[i]t would be unreasonable to conclude that by authorizing an open-ended range of punishments to enable courts to address even the most egregious contempts appropriately, Congress meant to brand all contempts as serious and all contemnors as felons." 91 F.3d 1282, 1284 (9th Cir. 1996). Therefore, "criminal contempt should be classified for sentencing purposes according to the applicable Guidelines range for the most nearly analogous offense." *Id.* at 1285. We reasoned that the "applicable Guidelines range is directly linked to the severity of the offense and provides the best analogy to the classification scheme" because it "focuses on the upper limit of the district judge's discretion, classifying the crime according to the maximum sentence the judge was *authorized* to impose rather than the sentence *actually* imposed." *Id.* It was on the basis of *Carpenter* that we remanded Broussard's sentence following his first appeal. *See* p. 10249 *supra*.

But the legal landscape has shifted since *Carpenter*. Its factual premise that the guidelines range sets the "upper limit of

the district judge's discretion," *Carpenter*, 91 F.3d at 1285, has been eroded by *Booker*, 543 U.S. at 245 (rendering the guidelines advisory), and *United States* v. *Carty*, 520 F.3d 984, 991 n.5 (9th Cir. 2008) (en banc). The guidelines remain an important consideration, but "the maximum sentence the judge [i]s authorized to impose," *Carpenter*, 91 F.3d at 1285 (emphasis omitted), is now the statutory maximum, *see, e.g.*, *Carty*, 520 F.3d at 991 ("While the Guidelines are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.").

We are required to follow circuit precedent, but in the face of intervening Supreme Court and en banc opinions, "a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." *Miller* v. *Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). This is particularly true for sentencing cases from the mandatory-guidelines era, because the court sitting en banc has held that "[p]rior cases are overruled to the extent they are inconsistent with *Rita*, *Gall*, *Kimbrough*, or this opinion." *Carty*, 520 F.3d at 991 n.5.

**[2]** We therefore must revise the *Carpenter* rule in light of *Booker* and its progeny. The basic rule of *Carpenter* remains in place: The severity of contempt violations for purposes of 18 U.S.C. § 3559(a) turns on the most analogous underlying offense. *Carpenter*, 91 F.3d at 1285. But judges are no longer limited to the maximum guidelines sentence for that offense; instead, the statutory maximum is now the "upper limit of the district judge's discretion." *Id.* Our holding adapts *Carpenter*'s overarching principle—that the upper end of the district judge's discretion is what matters—to a regime in which the statute of conviction, rather than the sentencing guidelines, sets the upper limit on the district judge's discretion.

The district judge here analogized Broussard's conviction to "escape" under 18 U.S.C. § 751, which for Broussard

yielded a guidelines range of 30-37 months. Accordingly, Broussard argues that the judge was required to treat his contempt conviction as though its maximum sentence were 37 months, which would make it a Class E felony. 18 U.S.C. § 3559(a)(5). If Broussard were right, then the district judge would only have been authorized to impose a one-year total sentence, and exceeded her authority by imposing two years of imprisonment and one year of supervised release on that count. 18 U.S.C. § 3583(b)(3), (e)(3), (h).

**[3]** But, for the reasons explained above, Broussard is not right. In determining the class of felony for purposes of 18 U.S.C. § 3559(a) we look to the statutory maximum, not the guidelines maximum. The statutory maximum sentence for escape is five years, 18 U.S.C. § 751, which makes it a Class D felony, 18 U.S.C. § 3559(a)(4). The maximum sentence for revocation of supervised release when the underlying offense is a Class D felony is three years, with up to two of those years in prison. 18 U.S.C. § 3583(b)(2), (e)(3), (h). Thus, the judge did not exceed her authority by imposing two years of imprisonment and one year of supervised release on the basis of Broussard's prior contempt conviction.

**2.** Broussard also argues that the district judge abused her discretion by prohibiting him from using alcohol. Broussard could have raised this issue in his first appeal, but did not. Our remand order directed the district court to "determine, in the first instance, whether Broussard's prior contempt conviction should be considered" a Class D or E felony. Broussard, No. 08-10128, slip op. at 2. Because our remand was limited to that single issue, the district judge was powerless to alter the other terms of Broussard's sentence. *See, e.g.*, *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir. 1994) ("In light of this clear evidence that the scope of our remand was limited to the single sentencing issue raised in Pimentel's prior appeal, the district court was without authority to reexamine any other sentencing issues on remand.").

\* \* \*

The sentencing guidelines are now advisory. The maximum sentence authorized by the statute of conviction is the upper limit on a district judge's discretion. We adapt *Carpenter*'s express rationale to this new reality.

**AFFIRMED.**