**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10261 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00114-LKK-1 |
| v. | |
| STEFAN ANDRE WILSON, AKA Stefan A. Wilson, AKA Stephen K. Wilson, AKA Steven K. Wilson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted June 13, 2012[**]
San Francisco, California

Before: GOULD, TALLMAN, and BEA, Circuit Judges.

Defendant-appellant Stefan Wilson ("Wilson") appeals the sentence imposed

by the district court after we remanded his case for resentencing, *United States v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Wilson*, No. 09-10394, 407 Fed. App'x 161 (9th Cir. Dec. 27, 2010) (mem.). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1. The district court correctly construed our previous memorandum disposition as a limited remand. *See United States v. Broussard*, 611 F.3d 1069, 1071 (9th Cir. 2010).

2. Wilson contends that the district court failed to resolve factual disputes in violation of Fed. R. Crim. P. 32(i)(3)(B). However, he waived any such objections at the resentencing hearing when, directly before the district court imposed the sentence, he agreed that "all the issues" identified in the limited remand had been resolved. *See United States v. Manarite*, 44 F.3d 1407, 1419 n.18 (9th Cir. 1995).

3. The district court properly verified that Wilson and his counsel read and discussed the presentence report before both the original sentencing hearing and the resentencing hearing. *See* Fed. R. Crim. P. 32(i)(1)(A).

4. The two-level upward adjustment based on Wilson's role in the offense, USSG § 3B1.1(c),[1] was appropriate. Among other things, Wilson organized the scheme, recruited others to participate in the fraud, controlled the

---

[1] All references to the Sentencing Guidelines are to the 2008 edition.

2

investments, and took the largest share of the money. *See United States v. Cabrera*, 328 F.3d 506, 511 (9th Cir. 2003).

5. The two-level upward adjustment based on employment of sophisticated means, USSG § 2B1.1(b)(9)(C), was appropriate. Wilson engaged in numerous complex deceptions designed to induce individuals to invest in his scheme, including fabricating accounting statements that appeared to have been audited by a fictitious accounting firm. *See* USSG § 2B1.1, App. Note 8(B) (requiring "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense").

6. The two-level enhancement for abuse of trust, USSG § 3B1.3, was also appropriate. Wilson falsely held himself out to investors as a legitimate hedge fund manager and investment adviser. *See* USSG § 3B1.3, App. Note 3 ("For example, the adjustment applies in the case of a defendant who . . . perpetrates a financial fraud by leading an investor to believe the defendant is a legitimate investment broker . . . .").

7. The 236-month sentence imposed by the district court—which was within the Sentencing Guidelines range of 210 to 262 months—was neither

procedurally flawed nor substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc).

**AFFIRMED.**