NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-17293 |
| Plaintiff-Appellee, | D.C. 2:13-cv-01593-RCJ |
| v. | MEMORANDUM[*] |
| CARL CHESTER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before: BERZON and MURGUIA, Circuit Judges, and BLOCK,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

On February 18, 2015, the Court granted the request for a certificate of appealability submitted by Carl Chester as to one issue: "[W]hether appellate counsel rendered ineffective assistance by failing to argue that the Fair Sentencing Act ['FSA'] applied at the 2012 resentencing, including whether appellant is entitled to a reduced term of supervised release, or reclassification of his convictions." We vacate and remand.

1.      At the time of Chester's resentencing, the FSA categorized two of his three convictions as Class B felonies and established a range of five-to-forty years' imprisonment and a minimum of four years' supervised release for such felonies. 21 U.S.C. § 841(b)(1)(B)(iii). The cover page of Chester's Presentence Investigation Report ("PSR"), however, incorrectly classified these two convictions as Class A felonies subject to higher minimums, and Chester's counsel did not contest this oversight. Informed at the sentencing hearing of the PSR's mistake as to the FSA's minimum for imprisonment, but not as to supervised release, the district court sentenced Chester to 168 months in prison and five years' supervised release.

2.      As Chester's appellate counsel contends and the Government concedes, the district court's sentence of supervised release was based on its mistaken belief as to the FSA's statutory minimum, and Chester's counsel failed to correct this misimpression. Accordingly, both parties agree that the case should be

2

remanded so as to allow the district court to make a fully informed decision regarding Chester's term of supervised release.

3.     In contrast, both Chester and the Government apprised the district court as to the proper statutory minimum term of imprisonment for the two misclassified felony convictions.  When the district court sentenced Chester to 168 months, it selected a term within the proper statutory range with full knowledge of the applicable minimum term.  As such, in regards to his prison sentence, Chester could not have been prejudiced by his counsel's failure, so we deny the petition as to the prison sentence.

4.     The uncertified issues raised in Chester's opening brief are without merit.

VACATED and REMANDED.