NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-10181 & 17-10259 |
| Plaintiff-Appellee, | D.C. No. 2:06-CR-00309-RCJ-PAL-1 |
| v. | |
| CARL CHESTER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted January 16, 2019
San Francisco, CA

Before: BERZON and MURGUIA, Circuit Judges, and BLOCK,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

1

Carl Chester, proceeding pro se, appeals the district court's amended judgment of conviction and sentence, imposed following our remand in Chester's appeal of the denial of his motion under 28 U.S.C. § 2255. *See United States v. Chester* (*Chester I*), 674 F. App'x 670 (9th Cir. 2017). He also appeals the district court's order—issued while *Chester I* was pending—denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We have jurisdiction over both. *See* 28 U.S.C. § 1291; *United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009). We assume familiarity with the facts, procedural history, and issues presented.

1.     Our general practice of remanding for resentencing "on an open record" does not preclude limiting the scope of a remand to particular issues. *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir. 2002) (en banc) (citing *United States v. Pimental*, 34 F.3d 799, 800 (9th Cir. 1994)). We remanded in *Chester I* "so as to allow the district court to make a fully informed decision regarding Chester's term of supervised release." 674 F. App'x at 671. The district court correctly interpreted that limited mandate as foreclosing reconsideration of Chester's prison sentence and the special conditions of his supervised release. *See United States v. Broussard*, 611 F.3d 1069, 1073 (9th Cir. 2010). The judgment correctly incorporates the standard conditions of supervised release from the version of the Sentencing Guidelines in effect at the time of resentencing. *See United States v. Fagan*, 996 F.2d 1009, 1018 (9th Cir. 1993).

2.      Any error in deciding Chester's § 3582(c)(2) motion without granting him leave to supplement the motion was harmless because he included evidence regarding his post-sentencing conduct and arguments in favor of a sentence reduction with his motion for reconsideration.  However, we are not satisfied that the district court considered those submissions.  Its order denying the motion for reconsideration did not mention Chester's arguments and affirmatively stated that Chester had not adduced any evidence of his post-sentencing conduct.  *See Pepper v. United States*, 562 U.S. 476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing."); *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) ("[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position.").

3.      Accordingly, we remand for the district court to consider the evidence of Chester's post-sentencing conduct and his arguments in favor of a sentence reduction.  Its task will then be to consider what effect, if any, the two-level reduction in Chester's offense level should have on his term of imprisonment in light of the relevant § 3553(a) factors.  We otherwise express no opinion on the merits of Chester's arguments for a sentence reduction.

4.	We noted in *Chester I* that Chester's Presentence Investigation Report ("PSR") incorrectly classified two of Chester's convictions as Class A felonies. *See* 674 F. App'x at 671. We construe Chester's request to direct the district court to reclassify those convictions as Class B felonies as a request to correct the PSR. We conclude that the error is within the scope of Federal Rule of Criminal Procedure 36, *see United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989), and direct the district court to make the correction on remand.

5.	We see no evidence that the district court harbors any bias against Chester, would be unable to follow our instructions on remand, or would do anything to create even the appearance of injustice. We therefore deny Chester's request for reassignment on remand. *See In re Ellis*, 356 F.3d 1198, 1211 (9th Cir. 2004) (en banc).

The district court's amended judgment of conviction and sentence is AFFIRMED. Its order denying Chester's § 3582(c)(2) motion is VACATED. The case is REMANDED for further proceedings consistent with this memorandum.